United States District Court
District Of Delaware

☐ ORIGINAL

Charles M. Robinson

Plaintiff

vs.

Comill. Stanley Taylor
Thomas L. Carroll
Ronald G. Hosterman
Kenneth E. McBoyrne
Michael H. McMahon

Defendants

Jury Trial Demanded

Complaint

06 - 474

FILED

AUG - 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SD scanned

## Preliminary Statement

This Is A Civil Rights Action Filed By, Charles M. Robinson, A State Prisoner, For Damages And Injunctive Relief Under 42 U.S.C. §1983, Alleging Prisons Sexual Abuse Treatment Program And Corresponding Regulations And Policies Violate His Fifth Amendment Right Against Self-Incrimination.

## Jurisdiction

1. The Court Has Jurisdiction Over The Plaintiffs' Claims Of Violation Of Federal Constitutional Rights Under 42 U.S.C. §§1331 And 1343

2. The Court Has Supplemental Jurisdiction Over The Plaintiffs' State Law Tort Claims Under 28 U.S.C. §1367

Parties

3. The Plaintiff, Charles W. Robinson Was Incarcerated At Delaware Correctional Center (D.C.C.) During The Events De-scribed In This Complaint.

4. Defendant Comm. Stanley Taylor, Is The Commissioner Of The Department Of Corrections, For The State Of Delaware.

5. Defendant Thomas L. Carroll, Is The Warden Of Delaware Correctional Center, For The State Of Delaware.

6. Defendant Ronald G. Hosterman Is The Treatment Services Administration At The Delaware Correctional Center.

7. Defendant Kenneth E. Milbourne Is The Counselor Supervisor At The De-laware Correctional Center.

8. Defendant Michael H. McMahon is the Sexual Abuse Treatment Program Coordinator, at the Delaware Correctional Center.

9. All Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

FACTS

10. On June 19th 2002, the Plaintiff pled guilty to (1) count of Rape in the 4th Degree, and was sentenced to (10) years at Level 5, Suspended after (1) years Level 4 Home Confinement, Followed By Flowing Levels of Probation.

11. At the June 19th 2002, Sentencing, the Hon. Judge T. Henley Graves Advised the Plaintiff, that if he was

To Be Arrested, And Convicted Of Another Crime, He Would Be Declared A Habitual Offender And Receive "Life Behind Bars".

12. On July 22nd 2003, The Plaintiff Was Found In Violation Of His Probation And Was Sentenced To (9) Years At Level 5, Suspended After Successful Completion Of A Sexual Abuse Treatment Program (Family Problem), Followed By The Key Program, Followed By The Crest Program, With Flowing Levels Of Probation To Follow.

Self-Incrimination

13. Upon Entering The Building Of The Sexual Abuse Treatment Program, The Plaintiff Had A Meeting With The Defendant, Michael H. McMahon, About What Would Be Required Of Him In

Order For Him To Successfully Complete The Sexual Abuse Treatment Program Again Move On With His Court Ordered Sentence.

14. At This Meeting, Defendant Michael H. McMahon Advised The Plaintiff That As A Part Of The Program, Part-icipating Inmates Are Required To Complete A "Sexual History" Presentation, Detailing All Prior Sexual Activities, Regardless Of Whether The Activities Constitute Un-Charged Criminal Offenses, In Order To Obtain Success-Ful Completion Of The Sexual Abuse Treatment Program.

15. Upon The Plaintiff Re-ceiving This New Information, The Plaintiff Advised The Defendant Michael H. McMahon, That He Refused To Part-icipate In The Sexual Abuse Treatment Program, On The Ground That The Required

Disclosures Of His Past Criminal History Would Violate His Fifth Amendment Privilege Against Compelled Self Incrimination And If He Was Made To Disclose His Past Criminal History, The Information Would Be Sufficiently Incriminating Because An Admission Of Culpability Regarding His Past Criminal History Would Cause The Plaintiff To Be Arrested And Convicted Of A Crime, And Also Cause The Plaintiff To Obtain Habitual Offender Status, And Recieve Life In Prison, Since The State And Sexual Abuse Treatment Program "Do Not" Offer Immunity From Prosecution, For Such Disclosures.

16. Defendant Mychael H. McMahon Advised The Plaintiff, That If He Does Refuse To Enter And Participate In The Sexual Abuse Treatment Program, He Would Have To Serve The Rest Of His Level 5 Sentence, That The Program Is Suspended For.

17. Upon The Plaintiff Receiving
Such Information Form Defendant
Michael H. McMahon, The Plaintiff Con-
tacted Defendants; Comm. Stanley Taylor,
Ronald G. Hosterman, Thomas L. Carroll,
And Kenneth E. Milbourne, In Order To
Report These Constitutional Violations
In The Sexual Abuse Treatment Program
Only To Never Recieve A Response From
Any Of Them, Regarding My Claims.

18. Because Of The Defendants
Failure To Respond To The Plaintiffs
Claims About The Constitutional
Violations In The Sexual Abuse Treat-
ment Programs Corresponding Regulations
And Policies Violating Her Fifth Amend
ment Right Against Compelled Self In-
Crymynation, The Plaintiff Filed A
Total Of (4) Institutional Grievances
Over A (12) Month Period, Which None
Where Ever Filed Or Responded To.

19. In The Plaintiffs Letters To The Defendants, And In The Institutional Grievances, The Plaintiff Argued That If He Was To Disclose His Past "Sexual History", He Would Without A Doubt Be Arrested And Charged With A Crime(s). And If Convicted, It Would Cause Him To Receive, Habitual Offender, Status And Recieve "Life Behynd Bars".

He Also Argued That If He Chose To Not Disclose His Past "Sexual History", He Would Have To Complete His Entire (9) Year Sentence, That The Sexual Abuse Treatment Program Was Suspended For.

And As Stated Previously, The Defendants Never Responded Nor Were Any Of The Plaintiffs' Grievances Filed.

# Relief Requested

Wherefore, Plaintiff Requests that the Court Grant the Following Relief:

A. Issue a Declaratory Judgment Stating:

1. The Sexual Abuse Treatment Programs Corresponding Regulations and Policies Violated His Fifth Amendment Right Against Self Incrimination.

B. Issue an Injunction Ordering Defendants Carroll, Hosterman and McMahon Or Their Agents To:

1. Immediately Contact the Plaintiffs Sentencing Judge And Advise Him Of the Plaintiffs Conflict With the Sexual Abuse Treatment Program.

C. Grant Such Other Relief As It May Appear That Plaintiff Is Entitled.

RESPECTFULLY SUBMITTED,

Charles W. Rob

July 31st 2006
DATED

CHARLES W. ROBINSON
SBY #00342781
DE. CORR. CTR.
1181 PADDOCK RD.
SMYRNA. DE. 19977

UNITED STATES POSTAGE
PITNEY BOWES
$ 04.05°
02 1A      AUG 01 2006
0004608975
MAILED FROM ZIP CODE 19977

U.S.M.S
X-RAY

I/M Charles W. Rastinson
SB# AA242781  UNIT MHU 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
Clerks Office
844 N. King St. (Locked Box 18)
Wilmington, De. 19801