United States District Court
District Of Delaware

Charles M. Robinson

vs.                               C.A. No: No. 474-GMS

Comm. Stanley Taylor et.al.



FILED

DEC 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Motion For Pre-Liminary Injunction

Comes Now, The Plaintiff, Charles M. Robinson, Hereby Moves This Honorable Court To Consider His Motion For Pre-Liminary Injunction And Respectfully Asserts The Following As Grounds In Support Thereof:

1. On July 22nd 2003, the Plaintiff was Sentenced By the Hon. T. Henley Graves to Nine (9) Years At Level 5, Suspended Upon Completion Of the Sexual Abuse Treatment Program (Family Problems), Followed By the Key Program, Followed By The Crest Program, With Flowing Levels Of Probation. See: Exhibit A. pg# 5, 9-23.

2. On August 9th 2006, the Plaintiff Filed A 42 U.S.C. §1983 Civil Action In Your Honorable Court Against Employees Of The Department Of Corrections (Defendants), Alleging The Sexual Abuse Treatment Programs Corresponding Regulations And Policies Violate His Fifth Amendment Rights To Be Free From Compelled Self Incrimination. See: Exhibit B.

3. The Plaintiff Had A Conversation With The Sexual Abuse Treatment Programs Coordinator, Defendant Michael McMahon, About How The Plaintiff Could Enter And Complete The Program. Without Violating His Fifth Amendment Rights. Defendant Michael McMahon Advised The Plaintiff That Because He Was Challenging His Programs Regulations And Policies In Federal Court, He Was Not Going To Allow The Plaintiff To Enter The Sexual Abuse Treatment Program, Until The Civil Action In Federal Court Was Complete.

4. On Or About The 3rd Week Of November, The Plaintiff Was Classified By Counselor Cindy Atallian, Which Advised The Plaintiff That He Was Not Allowed To Participate In The Sexual Abuse Treatment Program, Because Of His Civil Action, But She Was Going To Classify Him To The Building, Just In Case, Or Until The Civil Action Was Complete.

5. The Plaintiff Advised Counselor Cindy Atallian That He Was Also Sentenced To The Key Program Which Was Also At Level 5, And That Instead Of The Plaintiff Sitting, Around Doing Nothing, Why Can't He Go To The Key Program And Atleast Complete A Part Of The Courts Sentence While The Federal Court Decides His Fifth Amendment Claim.

6. Counselor Cindy Atallian Advised The Plaintiff That She Spoke With Her Boss About That Reccomendation, But She Was Advised That Such An Option Was Not Available To The Plaintiff Because "They Wanted The Plaintiff To Complete The Sexual Abuse Treatment Program First".

## Argument

4. The Sexual Abuse Treatment Program And The Key Program Are Both Level 5 Programs And In The Sexual Abuse Treatment Programs Correntinator, Defendant Michael McMahon Is Not Going To Allow The

Plaintiff To Enter The Program Because Of Such Civil Action. "There Is No Reason" Why The Plaintiff Can Not Be Sent To The Key Program, Which Is Part Of His Criminal Sentence. And Which Also Must Be Completed In Order For The Plaintiffs Sentence To Be Suspended.

8. The Plaintiff Agrees With The Sexual Abuse Treatment Programs Coordinator, Defendant Michael McMahon, That The Plaintiff Entering Into The Sexual Abuse Treatment Program, While Such Civil Action Is Pending, Would Be Pointless, As The Plaintiffs Civil Action Deals Completely With His Entry, Participation, Completion, And Over All Treatment.

Wherefore, The Plaintiff Requests The Court Grant Him The Following Relief:

1. Issue A Pre-Liminary Injunction Ordering Defendants: Taylor, Hosterman, Carroll, Mclindle And McMahen To Send Plaintiff To The Key Program While The Plaintiffs Current Civil Action Prevented Him From Doing The Sexual Abuse Treatment Program.

Respectfully Submitted,

_____
Charles N. Robinson
SBI # 00342781
De. Corr. Ctr.
1181 Paddock Road
Smyrna. Delaware. 19977

December 18th 2006
Dated

# Certificate of Service

I, _Charles M. Robinson_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Motion For Pre. Leminary Injunction_

_____ upon the following

parties/person (s):


TO: _Department Of Justice_    TO: _____

   _Attorney Generals Office_   _____

   _820 N. French St._   _____

   _6th Floor_   _____

   _Wilmington De. 19801_   _____


TO: _____    TO: _____

_____   _____

_____   _____

_____   _____

_____   _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _18th_ day of _December_____, 2006

_C.D.O.M.R.O_

# EXHIBIT A

04/14/04  WED 09:28 FAX 8565880          DEPT OF JUSTICE                    002



# ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

-----------------------------X

STATE OF DELAWARE                 :

                                  :   I.D. No. 0112008933

         v.                         :   Criminal Action No.
                                      01-12-0557
CHARLES M. ROBINSON,              :

        Defendant.                :

-----------------------------X

T R A N S C R I P T
O F
P R O C E E D I N G S

Sussex County Courthouse
Georgetown, Delaware
Tuesday, July 22, 2003

     The above-entitled matter was scheduled

for hearing in open court at 9:30 o'clock a.m.

    BEFORE:

       THE HONORABLE T. HENLEY GRAVES, Judge.

Ext. "A"

EXHIBIT B

KATHY S. PURNELL
OFFICIAL COURT REPORTER

2003 SEP 29 PM 2:23
FILED PROTHONOTARY
SUSSEX COUNTY

2

1                   P R O C E E D I N G S

2          TASC CASE MANAGER:  Charles Robinson, No.

3    25, violation of probation.

4          THE COURT:  Mr. Robinson, you are on

5    probation on rape fourth degree.  You were

6    sentenced to the Crest Program.  You were kicked

7    out of the Crest Program.

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that that

10   places you in violation of probation?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Is there anything you want to

13   say about it?

14          THE DEFENDANT:  I've been speaking with

15   the mental health department, and I've been hearing

16   that -- I got diagnosed with schizophrenia.  I've

17   been hearing voices in my head for quite some time.

18   The lady, Ms. Gwen, at the Sussex VOP, has asked me

19   to ask the Court to be placed at the Delaware

20   Psychiatric Center to get help with this problem,

21   Your Honor.  She gave me her full name because she

22   said she's not allowed to send any paperwork to the

23   Court unless the Court requests it.  So she gave me

3

1    a card to give to Your Honor.

2              THE COURT:  Well, I will tell you, the

3    recommendation is pretty severe.  When is our

4    next -- are we two weeks out?

5              THE CLERK:  August 5th and August 19th.

6              THE COURT:  August what?

7              THE CLERK:  August 5th and 19th.

8              THE COURT:  If you want me to, I will

9    continue it, since the August 5th -- it sounds like

10   they are recommending that he go for a psychiatric

11   evaluation.

12             TASC CASE MANAGER:  Your Honor, he had an

13   evaluation done and there was no recommendation for

14   that.  In fact, I read the report.  He was

15   prescribed medication, which he refused to take.

16   And the report indicates that this was an ongoing

17   complaint of his, and that when he was prescribed

18   medication or received treatment, that he was

19   non-compliant.

20             THE COURT:  All right.  Do you understand

21   that rape fourth degree is a very serious charge?

22   It was a child under 16.

23             THE DEFENDANT:  Yes, I do. . Your Honor?

1              THE COURT:  Yes.

2              THE DEFENDANT:  The same person that did

3     my evaluation is the same person that's

4     recommending for me to go up to the Delaware

5     Psychiatric Center for me to stay there.

6              THE COURT:  I do not have anything in

7     writing, and I have never, never understood the

8     Department of Corrections to say, well, we are not

9     going to send anything to the judge about a need

10    for treatment unless he asks for it.

11             PROBATION OFFICER:  Your Honor, he's

12    talking about Ms. Gwen Scott Jones, who she

13    never -- I spoke to her on Friday, and she didn't

14    mention anything about his case, and we did discuss

15    about that recommendation.

16             THE COURT:  All right.  How long have you

17    been in jail, sir?

18             THE DEFENDANT:  Ten months, Your Honor.

19             THE COURT:  Ten months.  All right.  This

20    is what I am going to do.  I am going to give you

21    the full -- well, even though you have been held at

22    Level 4, I am going to give you full advantage of

23    that.  I am going to take a full year off your

KATHY S. PURNELL
OFFICIAL COURT REPORTER



1    sentence.   Your original sentence was ten years.   I

2    am going to make it start today, nine years, but we

3    are not going to worry about the credit time.   Do

4    you understand that?  .Because I am giving you two

5    months more than you are supposed to have.

.6             Nine months.   Upon successful

7    completion -- excuse me.   Nine years.

8             THE CLERK:   Thank you.

9             THE COURT:   That would really be rounding

10    him off, wouldn't it?  Nine years.   Upon successful

11    completion of the Family Problems Program at

12    Delaware Correctional Center, and the Key Program,

13    the balance of the Level 5 is suspended for one

14    year Level 4 Crest.   Hold at five until a slot

15    becomes available.

.16             Upon the successful completion of the

17    ·Crest Program, the balance of the ·Crest is

18    suspended for three years Level 3 Crest Aftercare,

19    followed by two years Level 2, followed by two

20·    years Level 1.   All other conditions remain in

21    effect.   And since that is a potentially lengthy

22    sentence, does TASC want to stay on or be

23    discharged?

KATHY S. PURNELL
OFFICIAL COURT REPORTER

6

1           TASC CASE MANAGER:  We could be

2   discharged, Your Honor.

3           THE COURT:  Discharge TASC.  Yes, sir.

4           THE DEFENDANT:  If I can get paperwork

5   from the mental health department and have them

6   send it to you --

7           THE COURT:  I always will consider

8   anything that is appropriate if there is a change

9   in circumstances or information I did not know.

10          THE DEFENDANT:  Thank you, Your Honor.

11          PROBATION OFFICER:  Thank you, Your Honor.

12          (Whereupon, the proceedings in the

13      above-entitled matter were concluded.)

14

15

16

17

18

19

20

21

22

23

KATHY S. PURNELL
OFFICIAL COURT REPORTER

1              C E R T I F I C A T E

2           I, KATHY S. PURNELL, an Official Court

3    Reporter of the Superior Court of the State of

4    Delaware, Certification No. 122-PS, do hereby

5    certify the above and foregoing Pages 2 to 6 to be

6    a true and accurate transcript of the proceedings

7    therein indicated on July 22, 2003, as was

8    stenographically reported by me and reduced to

9    typewriting under my direct supervision, as the

10   same remains of record in the Sussex County

11   Courthouse at Georgetown, Delaware.

12

13                                   _Kathy S. Purnell_
                                     Kathy S. Purnell

14

·15                                    9-29-03
                                     Date

16

17

18

19

20

21

22

23


                        KATHY S. PURNELL
                    OFFICIAL COURT REPORTER

# EXHIBIT B

CM/ECF LIVE - U.S. District Court:ded Case 1:06-cv-00474-GMS    Document 15-3    Filed 12/20/2006    Page 2 of 13    https://ecf. ded.circ3.dcn/cgi-bin/Dispatch.pl?251987236320165

## Utility Events

1:06-cv-00474-UNA Robinson v. Taylor et al

#### U.S. District Court

#### District of Delaware

Notice of Electronic Filing

The following transaction was received from rjb, entered on 8/9/2006 at 3:47 PM EDT and filed on 8/9/2006

**Case Name:**     Robinson v. Taylor et al

**Case Number:**     1:06-cv-474

**Filer:**

**Document Number:**

#### Docket Text:

Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb, )

The following document(s) are associated with this transaction:

#### 1:06-cv-474 Notice will be electronically mailed to:

#### 1:06-cv-474 Notice will be delivered by other means to:

Charles M. Robinson
#00342781
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

\

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHARLES W. ROBINSON

PLAINTIFF

VS.

COMM. STANLEY TAYLOR
THOMAS L. CARROLL
RONALD G. HOSTERMAN
KENNETH E. MELBOURNE
MICHAEL H. McMAHON

DEFENDANTS

JURY TRIAL DEMANDED

COMPLAINT

## Preliminary Statement

This Is A Civil Rights Action Filed By, Charles M. Robinson, A State Prisoner, For Damages And Injunctive Relief Under 42 U.S.C. § 1983, Alleging Prisons Sexual Abuse Treatment Procedure And Corresponding Regulations And Policies Violate His Fifth Amendment Right Against Self-Incrimination.

## Jurisdiction

1. The Court Has Jurisdiction Over The Plaintiffs' Claims Of Violation Of Federal Constitutional Rights Under 42 U.S.C. §§ 1331 And 1343

2. The Court Has Supplemental Jurisdiction Over The Plaintiffs' State Law Tort Claims Under 28 U.S.C. § 1367

PARTIES

3 The Plaintiff Gerald W. Roberson Was Incarcerated At Delaware Correctional Center (D.C.C.) During The Events Described In This Complaint.

4. Defendant Commi. Stanley Taylor, Is The Commissioner Of The Department Of Corrections, For The State Of Delaware.

5. Defendant Thomas L. Carroll, Is The Warden Of Delaware Correctional Center, For The State Of Delaware.

6. Defendant Ronald G. Hosterman Is The Treatment Services Administrator At The Delaware Correctional Center.

7. Defendant Kenneth E. Milbourne Is The Counseling Supervisor At The Delaware Correctional Center.

8. Defendant Michael H. McMahan is the Sexual Abuse Treatment Program Coordination, At The Delaware Correctional Center.

9. All Defendants Have Acted, And Continue To Act, Under Color Of State Law At All Times Relevant To This Complaint.

Facts

10. On June 19th 2002, The Plaintiff Pled Guilty To (1) Count Of Rape In The 4th Degree, And Was Sentenced to (10) Years At Level 5, Suspended After (1) Years Level 4 Home Confinement, Followed By Flowing Levels Of Probation.

11. At The June 19th 2002 Sentencing, The Hon. Judge T. Henley Graves Advised The Plaintiff, That If He Was

To be arrested and convicted of another crime, he would be declared a habitual offender and receive "life behind bars".

12. On July 22nd 2003, the plaintiff was found in violation of his probation and was sentenced to (9) years at level 5, suspended after successful completion of a sexual abuse treatment program (family problem), followed by the KEY program, followed by the CREST program, with flowing levels of probation to follow.

Self-Incrimination

13. Upon entering the building of the sexual abuse treatment program, the plaintiff had a meeting with the defendant Michael H. McMahon about what would be required of him in

Order For Him To Successfully Complete The Sexual Abuse Treatment Program And Move On With His Court Ordered Sentence.

14. At This Meeting, Defendant Michael H. McMahon Advised The Plaintiff That As A Part Of The Program, Part-icipating Inmates Are Required To Complete A "Sexual History" Presentation, Detailing All Prior Sexual Activities, Regardless Of Whether The Activities Constitute Un-Charged Criminal Offenses, In Order To Obtain Success-ful Completion Of The Sexual Abuse Treatment Program.

15. Upon The Plaintiff Re-ceiving This New Information, The Plaintiff Advised The Defendant Michael H. McMahon, That He Refused To Part-icipate In The Sexual Abuse Treatment Program On The Ground That The Required

Disclosure Of His Past Criminal History Would Violate His Fifth Amendment Privilege Against Compelled Self Incrimination And If He Was Made To Disclose His Past Criminal History, The Information Would Be Sufficiently Incriminating Because An Admission Of Culpability Regarding His Past Criminal History Would Cause The Plaintiff To Be Arrested And Convicted Of A Crime, And Also Cause The Plaintiff To Obtain Habitual Offender Status, And Receive Life In Prison. Since The State Anonymous Sexual Abuse Treatment Program" Do Not Offer Immunity From Prosecution, For Such Disclosures.

16. Defendant Michael H. McWilliams Advised The Plaintiff That If He Does Refuse To Enroll And Participate In The Sexual Abuse Treatment Program, He Would Have To Serve The Rest Of His Level 5 Sentence. That The Program Is Suspended Five.

17. Upon the Plaintiff receiving such information form Defendant Michael H. McMahon, the Plaintiff contacted Defendants. Comm. Stanley Taylor, Ronald G. Hosterman, Thomas L. Carroll, and Kenneth E. Milbourne, In order to report these Constitutional Violations In the Sexual Abuse Treatment Program Only to Never receive a response from any of them. Regarding my claims.

18. Because of the Defendants Failure to respond to the Plaintiffs claims about the Constitutional Violations In the Sexual Abuse Treatment Programs Corresponding Regulations and Policies Violating his Fifth Amendment Right Against Compelled Self Incrimination, the Plaintiff Filed a total of (7) Institutional Grievances Over a (2) Month Period. Which None where ever filed or responded to.

19. In The Plaintiffs Letters To The Defendants, And In The Institutional Grievances, The Plaintiff Argued That If He Was To Disclose His Past "Sexual History", He Would Without A Doubt Be Arrested And Charged With A Crime(s), And If Convicted, It Would Cause Him To Recyeve, Habitual Offender, Status And Recieve "Life Behynd Bars".

He Also Argued That If He Chose To Not Disclose His Past "Sexual History", He Would Have To Complete His Entire (9) Year Sentence, That The Sexual Abuse Treatment Program Was Suspended For.

And As Stated Previously, The Defendants Never Responded Nor Were Any Of The Plaintiffs Grievances Filed.

Relief Requested

Wherefore, Plaintiff Requests
That The Court Grant The Following Relief:

A. Issue A Declaratory Judgment Stating:

1. The Sexual Abuse Treatment
Programs Corresponding Regulations And
Policies Violated His Fifth Amendment
Right Against Self Incrimination:

B. Issue An Injunction Ordering Def-
endants Carroll, Hosterman And McMahon
Or Their Agents To:

1. Immediately Contact The Plain-
tiffs Sentencing Judge And Advise Him
Of The Plaintiffs Conflict With The Sexual
Abuse Treatment Program.

C. Grant Such Other Relief As It May
Appear That Plaintiff Is Entitled.

RESPECTFULLY SUBMITTED,

July 31st 2006
DATED

Charles W. Robinson

CHARLES W. ROBINSON
SBY #00342781
DE. CORR. CTR.
1181 PADDOCK RD.
SMYRNA. DE. 19977