United States District Court
District Of Delaware

Charles M. Robinson

Vs.                                    Civil No. 06-474-GMS

Comm. Stanley Taylor et.al.



FILED

JAN - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Motion For Appointment Of Counsel

Comes Now, The Plaintiff, Charles M. Robinson, Pursuant To 28 U.S.C.A § 1915, Respectfully Requests This Honorable Court To Consider His Motion For Appointment Of Counsel And Respectfully Asserts The Following As Grounds In Support Thereof;

1. Factual Complexity: The Plaintiff Is Alleging That The Department Of Corrections Sexual Abuse Treatment Program Violates His Fifth Amendment Rights To Be Free From Compelled Self Incrimination. He Also Asserts That He Filed Several Grievances Which Were Purposely Not Filed And That Certain Prison Officials Were Notified Of These Constitutional Violations And Did Nothing To Correct Them. Such Complex

LEGAL ISSUES REQUIRED APPOINTMENT OF
COUNSEL. SEE: PARHAM VS. JOHNSON, 126 F.3d 454, 459-60 ; TABRON
VS. GRACE, 6 F.3d 147, 156 (3d Cir 1993); MACLIN VS. FREAVE,
650 F.2d 885, 889 (7th Cir 1981).

IN ADDITION, THE PLAINTIFF IS CLAIMING
IT WILL PROBABLY BE NECESSARY TO PRESENT AN EXPERT WITNESS
OR TO CROSS EXAMINE AN EXPERT WITNESS CALLED BY THE
DEFENDANTS, OR BOTH. THE PRESENCE OF ISSUES REQUIRING EXPERT
TESTIMONY SUPPORTS APPOINTMENT OF COUNSEL. SEE: PARHAM VS.
JOHNSON, 126 F.3d 454, 460 (3rd Cir. 1997); BARTIEN VS.
KOZAKIEWICZ, 833 F.2d 468, 473 (3rd. Cir. 1987).

2. PLAINTIFFS ABILITY TO INVESTIGATE: THE PLAINTIFF
IS LOCKED UP IN MAXIMUM PURIFIED SEGREGATION AND HAS NO
ABILITY TO INVESTIGATE THE FACTS. FOR EXAMPLE, HE IS UN-
ABLE TO IDENTIFY, LOCATE AND INTERVIEW THE INMATES WHO
COULD SUPPORT PLAINTIFFS ALLEGATIONS AND WERE FACING
THE SAME CONSTITUTIONAL VIOLATIONS AS PLAINTIFF IS
CLAIMING. SEE: PARHAM VS. JOHNSON, 126 F.3d 454, 460 (3rd
Cir. 1997); TABRON VS. GRACE, 6 F.3d 147, 156. IN ADDITION
BECAUSE OF STATE STATUTES (11 DEL. C. 84322), THE PLAINTIFF
IS NOT ENTITLED TO DISCOVERY DOCUMENTS THAT WOULD
BE NEEDED TO SUPPORT HIS CLAIM. SEE: RAYES VS. JOHNSON,
969 F.2d 700, 704 (8th Cir. 1992). (NOTING THE DIFF-
ICULTIES PRISONER PLAINTIFFS WITH MERITORIOUS CASES
MAY HAVE WITH DISCOVERY).

3. CONFLICTING TESTIMONY: THE PLAINTIFFS ACCOUNT OF THE CONSTITUTIONAL VIOLATIONS IS SQUARELY IN CONFLICT WITH THE STATEMENTS OF THE OFFICERS. THIS ASPECT OF THE CASE WILL BE A CREDIBILITY CONTEST BETWEEN THE DEFENDANTS AND THE PLAINTIFF, (AND SUCH INMATE WITNESSES AS CAN BE LOCATED). THE EXISTENCE OF THE CREDIBILITY ISSUES SUPPORT APPOINTMENT OF COUNSEL. SEE: PARHAM VS. JOHNSON. 126 F.3d 454, 460 (3RD CIR. 1997); GATSON VS. COUGHLIN, 679 F.SUPP 270, 273 (W.D.N.Y. 1988).

4. PLAINTIFFS ABILITY TO PRESENT HIS CLAIM: THE PLAINTIFF IS AN INDIGENT PRISONER WITH NO LEGAL TRAINING, AN EIGHTH GRADE EDUCATION, AND NO PRIOR LITIGATION EXPERIENCE, FACTORS THAT SUPPORT APPOINTMENT OF COUNSEL. SEE: PARHAM VS. JOHNSON. 126 F.2d 454, 459 (3RD. CIR 1997); TABRON VS. GRACE. 6 F.3d 147, 156 (3RD CIR. 1993). IN ADDITION, HE IS CONFINED TO MAXIMUM PUNITIVE SEGREGATION WITH VERY LIMITED ACCESS TO LEGAL MATERIALS, WHICH ALSO SUPPORTS APPOINTMENT OF COUNSEL. SEE: RAYES VS. JOHNSON. 969 F.2d 700, 703-04 (8TH CIR 1992); PARHAM VS. JOHNSON. 126 F.3d 454, 489 (3RD CIR 1997).

MOST IMPORTANTLY, THE PLAINTIFF IS CURRENTLY DIAGNOSED WITH VERY SEVERE PSYCHIATRIC DISORDERS. (EXHIBIT A & B). SUCH SEVERE PSYCHIATRIC DISORDERS WOULD CAUSE THE PLAINTIFF "DREAM WHILE HE IS WIDE AWAKE", AND NOT TO BE ABLE TO "DISTINGUISH BETWEEN REALITY AND FANTASY". (EXHIBIT C). THIS FACTOR WEIGHS HEAVILY IN FAVOR OF APPOINTMENT OF COUNSEL, AND FAILURE TO APPOINT COUNSEL WOULD BE AN ABUSE OF DISCRETION.

5. LEGAL COMPLEXITY: THE LARGE NUMBER OF DEFENDANTS, SOME OF WHOM ARE SUPERVISORY OFFICIALS, PRESENTS COMPLEX LEGAL ISSUES OF DETERMINING WHICH DEFENDANTS WERE SUFFICIENTLY PERSONALLY INVOLVED IN THE CONSTITUTIONAL VIOLATIONS TO BE HELD LIABLE. SUCH ISSUES SUPPORTS APPOINTMENT OF COUNSEL. SEE: PARHAM VS. JOHNSON, 126 F.3d 454, 459; TABRON VS. GRACE, 6 F.3d 147, 156; MACLYN VS. FREAKE, 650 F.2d 885, 889. IN ADDITION, THE PLAINTIFF HAS ASKED FOR A JURY TRIAL, WHICH REQUIRES MUCH GREATER LEGAL SKILL THAT THE PLAINTIFF HAS OR CAN DEVELOP. SEE: ABDULLAH VS. GUNTER, 949 F.2d 1032, 1036 (8TH CIR 1991). (CIVIL JURY DEMAND AS A FACTOR THAT SUPPORTS APPOINTMENT OF COUNSEL). CERT. DENIED 112 S.Ct. 1995.


6. MERIT OF THE CASE: THE PLAINTIFFS ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH A CONSTITUTIONAL VIOLATION. THE POLICIES AND RULES OF THE DEPARTMENT OF CORRECTIONS SEXUAL ABUSE TREATMENT PROGRAM WOULD CLEARLY STATE AN FIFTH AND FOURTEENTH VIOLATION. WHEN THE PLAINTIFFS CASE APPEARS TO HAVE MERIT AND HE HAS MET THE FACTORS IN PARHAM VS. JOHNSON, 126 F.3d 454, THE COURT SHOULD MAKE EVERY ATTEMPT TO OBTAIN COUNSEL. SEE: MALLARD VS. UNITED STATES DISTRICT COURT, 490 U.S. 296, 310, 109 S.Ct. 1814, 1822-23, 104 L.Ed.2d 318 (1989).

WHEREFORE, FOR THE FOREGOING REASONS, THIS COURT SHOULD APPOINT COUNSEL TO THE PLAINTIFF. SUCH APPOINTMENT WOULD SERVE THE BEST INTERESTS OF JUSTICE IN THIS CASE.

I, CHARLES M. ROBINSON[1], HAVING FULLY READ THE FOREGOING MOTION FOR APPOINTMENT OF COUNSEL, DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION ENCLOSED IS TRUE AND CORRECT

SIGNED THIS _1st_ DAY OF _JANUARY_ 2007

RESPECTFULLY SUBMITTED,

JANUARY 1st 2007
DATED

C O O W . V. Q

(28 U.S.C.§1746 ; 18 U.S.C. 1621)
CHARLES M. ROBINSON
SBI # 00342781
DE. CORR. CTR.
1181 PADDOCK ROAD
SMYRNA. DELAWARE. 19977

[1] THIS MOTION, ALONG WITH ALL OTHER PLEADINGS HAVE BEEN DONE AND FILED, PURSUANT TO JOHNSON V. AVERY ___ U.S. ___ BECAUSE OF CHARLES M. ROBINSON'S MENTAL STATES. ROBINSON HAS READ AND SIGNED ALL PLEADINGS BY HIS OWN HAND. SEE: EXHIBIT A

## Certificate of Service

I, <u>CHARLES M. ROBINSON</u>, hereby certify that I have served a true

and correct cop(ies) of the attached: <u>MOTION FOR APPOINTMENT OF</u>

<u>COUNSEL.</u> upon the following

parties/person (s):

TO: <u>DEPARTMENT OF JUSTICE</u>                TO: _____

    <u>ATTORNEY GENERALS OFFICE</u>           _____

    <u>820 N. FRENCH ST.</u>                        _____

    <u>WILMINGTON DE. 19801</u>                _____

    _____                _____

TO: _____                TO: _____

    _____                _____

    _____                _____

    _____                _____

    _____                _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this <u>1ST</u> day of <u>JAN</u>, <u>2007</u>.

<u>Chad m. R. R.</u>

State of Delaware
County of New Castle

|  S.S.
|
|
|

Affidavit of: Kenny Reeder

DATED: 1-1-07

## Affidavit

I, Kenny Reeder, deposes and says that the foregoing is true and correct under penalty of perjury of the laws of the state of Delaware.

1. This is to advise whom ever it may concern, that I have helped research, draft, and filed the pleadings that have been filed in this matter, including this motion, on behalf of Charles M. Robinson (Plaintiff) because of his severe mental state.

2. Charles M. Robinson has read all pleadings that have been filed and I've helped answer any and all questions he has had concerning the motion(s) and he signed each motion by his own hand and personally sent them to the court.

3. I am not a lawyer, I am an associate of Charles who has a semi-general understanding of the law and who will help out whom ever I can, in this case, it's Charles whose constitutional rights are clearly being violated. And with Charles mental state at issue, the U.S. Supreme Court has allowed such assistance on my behalf. See Johnson V. Avery _____ U.S._____ .

Declarant: _Kenny Reeder_
SIGNATURE
(28 U.S.C. 1746 and 18 U.S.C. 1621)

Kenny Reeder #253949
1181 Paddock Rd. DCC
Smyrna, De 19977

I/M CHARLES M. ROBINSON
SBI# 00342721 UNIT MHU 2.2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



United States District Court
c/o: Clerk Of The Court
844 N. King St. (Lockbox 18)
Wilmington, De. 19801



Legal Mail

# SEALED DOCUMENT