IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARGES M. ROBINSON )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)   C. A. No. 06-474-GMS<br>STAN TAYLOR, Commissioner )<br>THOMAS CARROLL )<br>RONALD G. HOSTERMAN, )   Trial Jury Demanded<br>KENNETH E. MILBOURNE, )<br>and MICHAEL H. McMAHON )<br>) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

COME NOW the Defendants, by and through undersigned counsel, and hereby oppose plaintiff's motion for preliminary injunction. In support of their position, Defendants represent as follows:

1. Charles M. Robinson ("plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") presently incarcerated at the Delaware Correctional Center ("DCC") Smyrna, Delaware.

2. On or about August 2, 2006, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, with leave to proceed *in forma pauperis* alleging Fifth and Fourteenth Amendment Due Process rights violations. (Complaint, *passim*) (D.I. 2). On or about December 20, 2006, plaintiff filed an Amended Complaint (D.I.14) and a Motion for Preliminary Injunction. (D.I.15). On or about January 30, 2007, Defendants filed an

Answer to plaintiff's Complaint and Amended Complaint. (D.I. 20). This is defendants' response to plaintiff's Motion for Preliminary Injunction.

   3. The plaintiff was sentenced on July 22, 2003, in part, for a period of nine (9) years at supervision level 5. (See Sentencing Orders at Exhibit A ). Upon successful completion at supervision level 5 of the Key Program and upon successful completion at supervision level 5 of the Family Problems Program the balance of sentence is suspended for one (1) year supervision level 4 Residential Substance Abuse Treatment Program. ("SATP"). *Id.* The plaintiff requests this Court to "issue a preliminary injunction ordering the defendants…..to send plaintiff to the Key Program while the plaintiff's current civil action prevents him from doing the SATP." (Motion for Preliminary Injunction).

   4. A grant of injunctive relief is an extraordinary remedy. Thus, a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

   5. "A party seeking a preliminary injunction has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) irreparable harm caused by denial of the requested relief; . . . (3) that issuance of the injunction will not result in greater harm to the non-moving party"; and (4) that the injunction will be in the public interest. *See Pappan Enterprises, Inc., v. Hardee's Food Systems, Inc.,* 143 F.3d 800, 803 (3d Cir. 1998) (citations omitted). The moving party must provide evidence sufficient to meet all four factors. *American Tel. & Tel Co., v. Winback & Conserve Program, Inc.,* 62 F.3d 1421, 1427 (3d Cir. 1997). The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and " it must be of a peculiar nature, so that compensation

in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b).

  6. Plaintiff provides no evidence to support the likelihood of success on the merits of his Fourteenth Amendment claim. A liberty or property interest must be created explicitly by statute or regulation, and only in the clearest and "most explicit mandatory language." *Hewitt v. Helms,* 459 U.S. 460, 472 (1983). The United States Supreme Court has held that to have "a property interest, a person must have more than an abstract need or desire for it and more than a unilateral expectation of it. Rather, he must have a legitimate entitlement to it. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Neither Delaware law nor DOC regulations create a liberty interest in a prisoner's classification within an institution. 11 Del. C. §6529(e). In relation to an incarcerated individual's liberty interests, the Supreme Court has held that such liberty interests are limited to "freedom from restraint" which imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). The allegations described by plaintiff in his motion for preliminary injunction are not the type that pose an "atypical and significant hardship." *Id.* at 483-84.

  The plaintiff was not court ordered to participate in the Key Program, but rather was sentenced to the custody of the Department of Correction at Level V, with suspension of sentence only after successful completion of the Key Program as well as the Family Problems Program.[1] (See, Exhibit B, pg. 4). It is clearly within the DOC's

---

[1]  *See In The Matter Of: Henry J. Fordham,* C.A. No. 05M-07-001 (Del. Super. 2007) (Attached at Exhibit B).

discretion to determine whether the plaintiff should participate in the Key Program. 11 Del. C. §6531.[2]

The plaintiff fails to provide any evidence indicating that he is entitled by statute or regulation to enter the Key Program and, therefore, has failed to demonstrate that he is likely to succeed on the merits.

7.  The plaintiff is also unable to meet the burden of the second factor; irreparable harm if relief is not granted. Any alleged harm suffered by the plaintiff was self inflicted due to his own behavior, and not to defendants' actions. Plaintiff's failure to attend the SATP when the opportunity presented itself was his own decision. It is not plaintiff's decision to decide which programs he's going to attend and when he is going to attend them. Moreover, enrollment in the Key Program would necessitate a transfer to either Sussex Correctional Institution ("SCI") or Gander Hill since the Key Program is not available at the DCC. There is no evidence to support that the plaintiff would suffer irreparable harm if relief is not granted.

Plaintiff has not met his burden on the third factor; to show how granting the requested relief will not create a greater harm to defendant. As previously stated, plaintiff's desire to attend the Key Program would mean a transfer to another institution and then a possible transfer back to DCC to complete the SATP creating a greater harm to the defendants and their limited resources. Moreover, due to the long waiting list for the Key Program there is no evidence that plaintiff would have been admitted at the time he desired. Plaintiff has failed to provide anything more than allegations in support of his request for injunctive relief. Without more, this extraordinary remedy cannot be granted.

---

[2]  11 Del. C. §6531(b) The Department shall establish alcohol and drug counseling and treatment programs for inmates.  …In establishing such programs, the Department shall also establish rules and regulations regarding the order in which inmates shall be eligible to participate in such courses.

Lastly, plaintiff has failed to demonstrate how granting him the requested relief is in the public interest. Prison regulations are related to a legitimate penological interest, and thus favor the public interest. Plaintiff's requested relief favors him alone and not the public interest.

WHEREFORE, for the hereinabove reasons, defendants request the present motion be dismissed as plaintiff has not established that he has met the criteria for injunctive relief.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

__/s/ Ophelia M. Waters_____
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Fl.,
Wilmington, Delaware 19801
(302) 577-8400
Counsel for Defendants

Dated: February 2, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on February 2, 2007, *Defendants' Motion in Opposition to Plaintiff's Motion for Preliminary Injunction* was electronically filed with the Clerk of Court using CM/ECF. I hereby certify that on February 2, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

Charles M. Robinson
SBI# 342781
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

__/s/ Ophelia M. Waters_____
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Fl.,
Wilmington, Delaware 19801
(302) 577-8400
Counsel for Defendants

Case 1:06-cv-00474-GMS     Document 21     Filed 02/02/2007     Page 7 of 7

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE

VS.

CHARLES M ROBINSON

Alias: NO ALIASES

DOB: 11/24/1980
SBI: 00342781

CASE NUMBER:
0112008933

FAC CODE: 03
LOCATOR DATE: 8/24/11
GT EXPIRATION DATE: 8/29/03

RECEIVED
SEP 0 2 2003
PROBATION/PAROLE
DO III

CRIMINAL ACTION NUMBER:
VS01-12-0557-02
VIOL O/PROBATN
ORIG. CHARGE:
RAPE 4TH <16(F)

COMMITMENT

### CORRECTED VIOLATION OF PROBATION SENTENCE ORDER

NOW THIS 26TH DAY OF AUGUST, 2003, IT IS THE ORDER OF THE COURT THAT: the order dated July 22, 2003 is hereby corrected as follows: The defendant is found in violation. Probation is revoked. Defendant is sentenced as follows:

AS TO VS01-12-0557-02 : TIS 11 Del.C.077000A1FC
VIOL O/PROBATN - FOUND IN VIOLATION

Effective July 22, 2003 the defendant is sentenced as follows:

- The defendant is placed in the custody of the Department of Correction for 9 year(s) at supervision level 5

- Upon successful completion at supervision level 5 **KEY**

- And

- Upon successful completion at supervision level 5 **FAMILY PROBLEMS**

- Balance of sentence is suspended for 1 year(s) supervision level 4 **RESIDENTIAL SUBS. ABUSE TREATMENT**

**APPROVED ORDER**    1    August 26, 2003 09:08

STATE OF DELAWARE
VS.
CHARLES M ROBINSON
DOB: 11/24/1980
SBI: 00342781

- Upon successful completion at supervision level 4
RESIDENTIAL SUBS. ABUSE TREATMENT PRG.

- Balance of sentence is suspended for 3 year(s)
supervision level 3 **AFTERCARE**

- Followed by 2 year(s) at supervision level 2

- Hold at supervision level 5

- Until space is available at supervision level 4
RESIDENTIAL SUBS. ABUSE TREATMENT PRG.

Probation is concurrent to any probation now serving.

**APPROVED ORDER**    2    August 26, 2003 09:08

The defendant shall pay any monetary assessments ordered during the period of probation pursuant to a schedule of payments which the probation officer will establish.

The level 5 time imposed in today's sentence takes into consideration all time previously served.

Should the defendant be unable to complete financial obligations during the period of probation ordered, the defendant may enter the work referral program until said obligations are satisfied as determined by the Probation Officer.

### NOTES
===========
Now this 26th day of August, 2003, the Court's July 22, 2003 violation of probation sentence is hereby corrected to bring the sentence within the sentencing guidelines by striking the last 2 years of level 1 probation. All other terms and conditions remain as previously imposed.
===========

_____
JUDGE T. HENLEY GRAVES

**APPROVED ORDER**      3      August 26, 2003 09:08



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

IN THE MATTER OF: )
)  C. A. No. 05M-07-001
HENRY J. FORDHAM, )
)

Submitted: October 4, 2006
Decided: January 26, 2007

Eileen Kelly, Esq., Department of Justice, Wilmington, Delaware. Attorney for the State.

Henry J. Fordham, *Pro Se*.

*Upon Consideration of Petitioner's*
*Writ of Mandamus*
**DENIED**

**VAUGHN, President Judge**

**ORDER**

Upon consideration of petitioner's Motion For Writ of Mandamus, the Commissioner's Report and Recommendation, and the record in this case, it appears:

1. The petitioner filed a Writ of Mandamus with the Court on July 7, 2005. In his Writ, the relief which the petitioner is seeking is to have the Court order the Department of Correction to place the defendant in the Greentree Program.

2. The petitioner was originally sentenced to complete the Key Program. That sentence was modified July 20, 2004 to five years at Level V, upon successful completion of the Greentree Program the balance of the sentence was suspended for Level IV Crest for one year, to be followed by various levels of probation.

In The Matter of: H.J.F.
C.A. No. 05M-07-001 JTV
January 26, 2007

 3. The Motion for Writ of Mandamus was referred to the Court Commissioner Andrea M. Freud for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b)(1)(b) and Superior Court Civil Rule 132.

 4. The Commissioner determined that placement of incarcerated defendants in various programs is clearly under the discretion of the Department of Correction. The Court has previously considered such requests for relief and ultimately dismissed them. The Commissioner recommended that the Court dismiss the petitioner's petition as meritless.

 5. A copy of the Commissioner's report dated May 25, 2006 is attached hereto. The defendant did not file an appeal from the Commissioner's Report and Recommendation.

 **NOW, THEREFORE, IT IS ORDERED** that:

 a. Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation; and

 b. The defendant's Motion for Writ of Mandamus for is *denied*.

_____
President Judge

oc: Prothonotary
cc: Hon. Andrea M. Freud
  Eileen Kelly, Esq.
  Henry J. Fordham, *pro se*
  File

2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

IN THE MATTER OF: )
) C. A. No. 05M-07-001 RBY
Petitioner: HENRY J. )
FORDHAM )

COMMISSIONER'S REPORT AND RECOMMENDATION

This 25th day of May, 2006 it appearing that:

1. Petitioner Henry J. Fordham ("Fordham") has filed a Petition for a Writ of Mandamus, seeking this Court to compel Department of Correction and [Warden] Thomas Carroll ("Respondents") to do items listed at number three below and compel Respondents to enroll him in a drug treatment program.

2. On February 2, 2004, Henry J. Fordham ("Petitioner") pled guilty to Attempted Robbery in the Second Degree. Thereafter, Fordham filed, *pro se*, three Motions for Modification of Sentence (two of three were denied) and two Petitions for a Writ of Habeas Corpus (both denied). A modified Sentence order was filed on July 20, 2004.[1] Fordham then filed another three requests for modification of sentence, all of which were denied. A motion for correction of sentence was filed on April 18, 2006. This separate action for mandamus was filed on July 7, 2005.

---

[1] Fordham is also subject to a Modified Violation of Probation Sentence order dated March 11, 2004 for ID No's. 0109001241 and 9809008728. That order sets forth that he is to be incarcerated for ten years.

In the Matter of Henry J. Fordham
05M-07-001 JTV
May 25, 2006

    3.    In his Petition for Writ of Mandamus, Fordham requests the Court "enjoin" Respondent to:

    a.    Remove the restrictions placed upon this [sic] prisoner's First Amendment rights to correspond.

    b.    Restore the thirty (30) days forfeited by the institution's disciplinary committee.

    c.    Deliver all correspondence, legal material and law books to this petitioner without any form of dely [sic] or censorship.

    d.    Award compensation for punitive damages due to mental anguish and frustration suffered by this petitioner.

    e.    Give any other such just and equitable relief as the court may deem warranted by facts which appear herein.

    4.    In his Motion for Mandamus, Fordham requests the following relief:

    a.    …in 7/23/2003 we agreed that I would do six month night time p.m. greentree program here at D.C.C. I have now been incarcerated for 2 years. I was sentence [sic] to do this program. … I would like this court to grant me all access back to my court ordered program and enforce D.O.C. to have [Fordham] back in the program…

    5.    Under Delaware law the basis for issuance and the scope of relief available through a Writ of Mandamus are limited. Mandamus is issuable not as a

*In the Matter of Fordham*
05M-07-001 JTV
May 25, 2006

matter of right, but only in the exercise of sound judicial discretion.[2] Moreover when directed to an administrative agency or public official, mandamus will only issue to require performance of a clear legal or ministerial duty.[3] For a duty to be ministerial and thus enforceable by mandamus, the duty must be prescribed with such precision and certainty that nothing is left to discretion or judgment.[4] In this case, Fordham has failed woefully in his attempt to establish a right to the issuance of the writ. Fordham merely makes broad, sweeping generalizations without facts to back up his allegations. This Court is not required to issue a writ under such circumstances.

As to Fordham's claims regarding enrollment in a drug treatment program while incarcerated, he believes that his sentence will be suspended upon successful completion of a drug program. Fordham has, in effect, asked this Court to direct Respondents to classify him to the Greentree Program. The courts have considered this argument and dismissed petitions that request this relief. In *Wilson v. S.C.I. Classification Dept.*, Resident Judge Graves stated:

---

[2] *Guy v. Greenhouse*, Del. Supr. No. 285, 1993, Walsh, J. (Dec. 30, 1993) citing *Ingersoll v. Rollins Broadcasting*, Del. Supr., 272 A.2d 336, 338 (1970).

[3] *Guy v. Greenhouse*, Supra, (citing *Capital Education Assoc. v. Camper*, Del. Ch., 320 A.2d 782, 786 (1974).

[4] *Darby v. New Castle Gunning Bedford Ed. Assoc.*, Del. Supr. 336 A.2d 209, 211 (1975).

3

protected liberty interest in his prison classification status.[citations omitted]...Since no clear legal or ministerial duty exists, then petitioner has no right to a writ of mandamus. Accordingly, I dismiss the petition with prejudice.[5]

In this case, Fordham was not court ordered to participate in the Greentree Program. He was sentenced to the custody of the Department of Correction at Level V, with suspension of sentence only after successful completion of the Greentree Program. It is clearly within Respondents' discretion to determine whether Fordham should participate in the program. Also, Fordham has no constitutionally protected liberty interest in his classification status. Fordham's petition is without merit.

---

[5] 2005 Del. Super. LEXIS 257.

In the Matter of Henry J. Fordham
05M-07-001 JTV
May 25, 2006

**THEREFORE**, for the reasons set forth above, I recommend the Court dismiss Fordham's petition as meritless.



Commissioner Andrea M. Freud

oc: Prothonotary
cc: Hon. James T. Vaughn, Jr.
    Eileen Kelly, Esq.
    Henry J. Fordham, DCC
    DCC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES M. ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | C. A. No. 06-474-GMS |
| STAN TAYLOR, Commissioner | ) | |
| THOMAS CARROLL | ) | |
| RONALD G. HOSTERMAN, | ) | Trial Jury Demanded |
| KENNETH E. MILBOURNE, | ) | |
| and MICHAEL H. McMAHON | ) | |
| | ) | |

**ORDER**

      **IT IS SO ORDERED** this _____ day of _____, 2007, that Plaintiff's motion for a Preliminary Injunction is hereby **DENIED.**

_____
Judge Gregory M. Sleet